## Heilner *versus* Battin.

Where a party purchased the right to use an alleged patented machine, and covenanted "to receive it as good and available to all intents and purposes, and that the transfer shall not be liable to any objection for any supposed defect in or objection to the said letters patent, if such supposed defect or objection should at any time arise," the vendee in an action for the price was estopped by his covenant from alleging the invalidity of the patent.

He was equally estopped, whether the objection arose from a want of originality in the invention, or from a surrender of the original letters, and receiving another patent for a different invention.

Whether a reissued patent is for the same invention for which the original patent was obtained, is a question of fact for the jury.

An agreement of counsel, that the instrument sued on need not be proved, but that it should be read in evidence "as if execution and delivery had been duly proved," precludes a defence under the plea of *non est factum,* because the instrument was signed by the firm name of defendants, and sealed with but one seal.

Due proof of execution and delivery would have established the authority of one partner to bind the firm under seal, or the adoption and ratification of the seal by both partners, and the agreement accomplished the same purpose.

ERROR to the District Court of *Philadelphia.*

This was an action of covenant, brought by Joseph Battin and Samuel Battin, trading under the firm of J. & S. Battin, against Marcus G. Heilner and Percival Heilner, trading under the firm of M. G. & P. Heilner. By an article of agreement, dated the 1st day of January, 1846, the plaintiffs sold to the defendants a "right to construct and use the new and useful improvement and machine for breaking and screening coal (for which letters patent have been granted in due form of law to the said Joseph Battin, and are now held by the said J. & S. Battin), for the term of six years" from the date of the agreement.

The defendants covenanted to pay to Battins one cent on each ton of coal they should break or screen with the machine, or with any other machine or machinery, during the six years that the agreement was to be in force. Heilners also covenanted in the same agreement "to receive the said right to construct and use the improvement and machine aforesaid, as good and available to all intents and purposes, and that the same and the transfer hereby made, shall not be liable to any objection on the part of the said M. G. & P. Heilner, their executors, administrators, or assigns, for any supposed defect in, or objection to, the said letters patent, if such supposed defect or objection should at any time arise, or be suggested, or otherwise." And the agreement concluded :—

[Heilner *v.* Battin.]

"In witness whereof the said parties have hereunto set their hands and seals the day and year first above written.

"J. & S. Battin,                  [Seal.]

"*per* Dan'l. R. Bennett,         [Seal.]

"M. G. & P. Heilner.            [Seal.]

"Signed, sealed, and delivered, in presence of

"J. Gumpert."

The breach assigned, was the non-payment of the one cent per ton on the coal broken with this or other machinery by the defendants.

The process was served on Percival, and returned *nihil habet* as to Marcus G. Heilner. The defendant pleaded *non est factum*, covenants performed, and six several special pleas.

On the 6th October, 1843, Joseph Battin, alleging that he had invented a new and useful improvement in the machine for breaking and screening coal, took out letters patent for this improvement; and on the 20th January, 1844, took out a schedule of additional improvements to the foregoing patent.

On the 12th February, 1844, he took out other letters patent.

On the 4th day of September, 1849, after the date of the agreement in suit, and during its continuance, the patentee surrendered the patent of 6th October, 1843, and the one of 20th January, 1844, and received reissued letters patent of the date of 4th September, 1849.

The allegation of the defendants below was that the reissued letters patent were void, because they were not in conformity with the provisions of the Act of Congress, and were not for the same invention for which the original letters patent were granted; that the original patent was not inoperative or invalid in consequence of any inadvertency, accident, or mistake; that the thing claimed in the reissued patent was invented or discovered subsequent to the date of the original patent, and could not, therefore, be included in a reissue of the same.

The provision of the Act of Congress on the subject, is contained in the Act of July 4th, 1836, entitled "An Act to promote the progress of the useful arts," &c. "That whenever any patent, which has heretofore been granted, or which shall hereafter be granted, shall be inoperative or invalid by reason of a defective or insufficient description or specification, or by reason of the patentee claiming in his specification, as his own invention, more than he had or shall have a right to claim as new, if the error shall have arisen by inadvertency, accident, or mistake, and without any fraudulent or deceptive intention, it shall be lawful for the commissioner, upon the surrender to him of such patent and the payment of the further duty of fifteen dollars, to cause a new patent to be issued to the said inventor for the same invention, for the residue of the period then unexpired, for which the original patent

[Heilner *v.* Battin.]

was granted. And the patent so reissued shall have the same effect and operation in law, on the trial of all actions hereafter commenced for causes subsequently accruing, as though the same had been originally filed in such corrected form before the issuing of the original patent."

On the trial the plaintiff offered the agreement on which the action was founded, in evidence. The subscribing witness was not called, nor any proof made of execution. The defendant objected to its admission. The plaintiff then showed an agreement which, after the style of the present suit and two others, by the names of the parties and the number and term of the cases, and specifying this and two other agreements of like character, proceeded, " and it is agreed that the execution thereof need not be proved on the trial of the said cases, but that the same (as fully as the said papers import) may be read in evidence as if their execution and delivery had been duly proved. The execution and delivery of the power of attorney from the plaintiffs to Daniel R. Bennett, Esq., bearing date 16th July, 1845, are also admitted as fully as the paper imports." This was signed by the attorneys of the parties, and dated 25th October, 1847.

The defendant contended that the effect of this paper was only to waive the usual proof of execution by subscribing witnesses, and not to preclude the objection that the agreement signed in the firm name, and sealed with one seal, would not sustain an action of covenant against the two defendants, especially where there was no evidence that the defendant, on whom the writ was served, was the person who executed the instrument.

The court below admitted the article under exception by the defendant.

The defendant in his special pleas, set forth in the 1st, The issuing of the original patent, the several improvements, and the reissuing in 1849, and the surrender of the former patents, and that these latter were inoperative and invalid, in consequence of having been illegally issued. And that the defendant had sustained injury and damage by the surrender of the former patent, after his agreement and during the term of its continuance.

2. Averred that Joseph Battin was not the original inventor or discoverer of the subject-matter of the patent, and that the letters patent were in consequence null and void.

3. That it was not a new and useful invention, as in the agreement and declaration set forth, but was known and publicly used by others prior to the alleged invention or discovery by Battin.

4. That it was not at the time of the application for the letters-patent, &c., a new invention, as to the public knowledge, use, and exercise thereof. Wherefore, the letters patent and the grant of privileges alleged to have been transferred and assigned to the defendant, were null and void, and of no value or validity.

[Heilner *v.* Battin.]

5. That by reason of the invalidity of the letters patent, and the surrender of the same, the defendant had suffered serious loss and was damaged to a large amount, and which he claimed the right to set off against the damages alleged by the plaintiff to have been sustained by him, by reason of the supposed breach on the part of the defendant.

6. Alleged that the articles of agreement were obtained by the said plaintiffs and others in collusion with them, from the defendants, by fraud, error, and misrepresentation, and the same was therefore void in law.

The plaintiff took issues of fact, on the pleas of *non est factum* and covenants performed, and also on the first and sixth of the special pleas, and demurred especially to the other special pleas.

The defendant joined in the demurrers, and the court thereupon gave judgment for the plaintiff, on the ground that the defendant was estopped by the covenants in the contract from alleging the invalidity of the patent, and the other matters of defence contained in the pleas.

On the trial of the issues in fact, the defendant submitted the following points :—

1. If they find that the reissued patent has not been reissued in due conformity to law, their verdict upon the first of the additional pleas must be for the defendant.

2. That the original patent describes and claims a combination of a breaking apparatus and a screening apparatus, the whole constituting a machine for effecting simultaneously the breaking and screening of coal; that the device claimed and patented in the reissued patent is an "arrangement of teeth" on two rollers; that the claim in the reissued patent is not for the same invention for which the original letters patent were granted, and that the reissued patent is therefore void.

3. If the jury believe that the surrender was not made in consequence of any inadvertency, accident, or mistake in the description or specification of the thing for which the original letters patent were granted, but from an attempt to change the character of the alleged invention from a machine for effecting simultaneously the breaking and screening of coal, to a claim for breaking rollers alone, or to the arrangement of the teeth on such rollers, the case is not within the Act of Congress, and the reissue is void.

4. The reissued patent is void because it is for the same alleged invention patented by Joseph Battin in 1844, subsequent to the date of the original patent.

5. If the patentee did not intend to claim the rollers in his patent of 1843, they were abandoned to public use and cannot be afterwards included in the reissued patent.

6. If the alleged utility of the rollers as a distinct breaking apparatus, or the manner of arranging the teeth thereon, was

[Heilner *v.* Battin.]

ascertained or discovered by the patentee, subsequent to his original patent of 1843, he cannot include the same in a reissue thereof.

And the learned judge thereupon charged the jury as follows:—

After referring to the facts of the case, his Honour proceeded thus: "There are four issues to be submitted to the jury, viz: 1st, On the plea of *non est factum;* is the agreement the deed of the defendant? This is admitted by the written agreement of counsel which has been read to you. 2d. On the plea of covenants performed. There is no evidence of payments on account of the sum claimed. Next is the plea of fraud. There is no evidence under that plea. On these three pleas your verdict must be for the plaintiffs, and you will assess the damages. Lastly, there is a plea alleging that the reissued patent is void because it is not for the same invention for which the original patent was granted. It is for the jury to determine whether that be so or not.

"The Act of 1836 allows a surrender and reissue, and the claim, if it be too large or too small, may be amended, as well as the specification. Yet it must be for the same invention, and that is a question of fact for the jury. The only evidence before us is the patents, descriptions, drawings, &c. The defendant having given no other evidence, it must be determined on the papers alone. Points have been submitted to me by the parties.

"I affirm the plaintiff's first point: though the reissued patent is evidence, it is not conclusive. You are to judge.

"I decline to charge as requested in plaintiff's second point.

"As to the defendants' points; I affirm the first.

"I decline to charge as requested in the second point; the mere fact that the claim is different is not enough; the question is whether the invention is different.

"I affirm the third point.

"I decline to charge as requested in fourth point.

"I decline to charge as requested in the fifth and sixth points, as there is no evidence except from the papers."

The jury found for the plaintiffs.

The defendant removed the cause to this court, where the following errors were assigned:—

1. The court erred in sustaining the demurrer to the defendant's second, third, fourth, and fifth special pleas respectively, and in entering judgment thereon for the plaintiff.

2. The learned judge erred in admitting in evidence the article of agreement declared upon.

3. The learned judge erred in charging that the written agreement of counsel was conclusive against the plea of *non est factum,* and instructing the jury that on that plea their verdict must be for the plaintiff.

4. The learned judge erred in refusing to charge as requested

[Heilner *v.* Battin.]

in the second, fourth, fifth, and sixth points submitted by defendant below.

*F. Sheppard,* for plaintiff in error.—It is submitted there was error in deciding that the plaintiff was estopped from setting up his defence by the terms of the agreement. The plaintiff contracted to sell a new and useful improvement; this was the vital element of a full and perfect right under the patent.

The language was intended only to exclude captious or frivolous objections; or as the agreement expresses it, any "supposed defect." This would extend to any defect in or objections to the patent. But not to prevent him from showing that it never had any existence. An agreement that the vendor need not show his title will not compel the purchaser to take a bad one: Blatchford *v.* Kirkpatrick, 6 *Beav.* 232. The Act of Congress 1836, § 15, allows a defendant in any action upon a patent to prove that the patentee was not the inventor—to prove it void for want of novelty. The defendant contracted for the right, and this, the plaintiff in the agreement sells. The agreement relates only to supposed defects. The pleas set out actual defects; that it was utterly void; and on demurrer this is admitted: Blight *v.* Rochester, 3 *McCord* 535; Small *v.* Proctor, 15 *Mass.* 495; Winlock *v.* Hardy, 4 *Litt.* 272.

The invalidity of the patent is a good ground for defence to an action for the consideration: Bellas *v.* Hayes, 5 *S. & R.* 440; Geiger *v.* Cook, 3 *W. & S.* 266; Rheem *v.* Holliday, 4 *Harris* 347; Bull *v.* Murry, 10 *Barr* 113; Street *v.* Silver, *Bright Rep.* 96; Dickenson *v.* Hall, 14 *Pick.* 217; Parrot *v.* Farnsworth, *Vt. Rep.* 174; Cross *v.* Huntley, 13 *Wend.* 385; Bliss *v.* Negus, 8 *Mass.* 46; Hayne *v.* Maltley, 3 *Q. R.* 438; Charter *v.* Leese, 4 *M. & W.* 295; *Perpigna on Pat.,* 4 *Law Lib.* 106*.

The construction of the patent was matter of law for the court: *Curtis on Patents,* § 123, and cases there cited; Bellas *v.* Hayes, 5 *S. & R.* 442; Ball *v.* Murry, 10 *Barr* 112.

Another error assigned is to the admission of the article of agreement in evidence.

Nothing was waived by the agreement of counsel but the mere proof of execution. The objection was it would not support the action of covenant against the two defendants. That it is not the deed of the firm is settled by numerous cases: Gerard *v.* Basse, 1 *Dall.* 119; United States *v.* Astley, 3 *Wash. C. C. R.* 508; Taylor *v.* Coryell, 12 *S. & R.* 248; Hart *v.* Withers, 1 *P. R.* 285; Overton *v.* Tozer, 7 *Watts* 331. The object of the agreement was only to dispense with the formal proof by the subscribing witness, and not to affect the merits of the cause.

The plea of set-off from damages sustained by the defendant was well pleaded: Hart *v.* Evans, 8 *Barr* 13; 1 *Chitty Pl.* 396*.

[Heilner v. Battin.]

*W. A. Porter* and *W. H. Rawle*, for defendants in error.—The opinion of the court in sustaining the demurrer to the special pleas is fully supported by the authorities. The case of Bowman *v.* Taylor, 2 *Ad. & El.* 278, is directly in point. The articles sued upon in that case recited that "*the plaintiff had invented and obtained a patent for certain improvements in the construction of looms,*" the defendant covenanting to pay a certain royalty to "use and have the benefit and advantage of the said invention." He afterwards pleaded that the plaintiff was not the original inventor ; the plaintiff demurred, and the demurrer was sustained by the whole court, on the ground of estoppel. This has been adhered to in Hills *v.* Laming, 24 *Eng. L. & Eq. Rep.* 452; 9 *Excheq: Rep.* 256. Where a particular statement of a fact is made in the recitals of an instrument under seal, a party to it cannot deny the fact, he is estopped : Carpenter *v.* Buller, 8 *M. & W.* 209 ; Cutler *v.* Bower, 11 *Queen's Bench* 985 ; 2 *Smith's Lead. Cas.*, note to Doe *v.* Oliver, p. 535.

The articles here sued on go further. They bind the defendants to pay one cent per ton on all coal they may break either with this or any other machine ; introduced doubtless to prevent litigation of this very sort. On this part of the case, the recent case in the House of Lords, Baird *v.* Neilson, 8 *Clark & Finelly* 726, is in point. The defendant there had taken a license to use plaintiff's patent for smelting iron by heated air ; and covenanted to pay one shilling per ton on all iron that should be smelted by heated air in any of the modes theretofore applied, &c. In an action to recover this royalty, the defendants alleged that the patent was invalid, and that they had not used plaintiff's process. But the court below held the defendants precluded from such a defence, and the House of Lords affirmed the decision. The covenant in this case is still stronger.

On the sale of lands a purchaser can defend against the purchase-money for want of title or encumbrance, unless he agreed to run the risk of it. Where there is a known defect and no covenant to cover it, purchaser is presumed to take it at his own risk : Lighty *v.* Shorb, 3 *P. R.* 451 ; Ludwick *v.* Huntzinger, 5 *W. & S.* 58 ; Ross's Appeal, 9 *Barr* 497 ; Beidelman *v.* Foulk, 5 *Watts* 308.

In the sale of chattels, where there is no express warranty of quality, none will be implied. The same of title in England : Morley *v.* Attenborough, 3 *Exch.* 500. However it may be otherwise here, an *implied* warranty of title will yield to the *express* contract of the parties : Noker's Case, 4 *Co.* 81 ; Frantin *v.* Small, 2 *Ld. R.* 1419 : Merrill *v.* Frame, 4 *Taunt.* 329 ; Schlenker *v.* Moxsy, 3 *Barn. & Cress.* 792 ; Line *v.* Stephenson, 5 *Bing. N. C.* 183. The plaintiff in error also rests his case on the ground of a mistake ; and as the demurrer admits that the plaintiff was

[Heilner *v.* Battin.]

not the original inventor, there was no subject-matter of the contract, as if one should buy a house which had no existence. The analogy fails. A man may be honestly mistaken in his title to a patent; and where another purchases it and has the use of it, and takes the title such as it is, it cannot be likened to a case in which the absolute corpus of the contract is wanting: Taylor *v.* Hare, 4 *Bos. & Pul.* 260; Millinger *v.* Pick, 1 *Com. B.* 799.

The ground of fraud is expressly negatived by the jury.

The set-off of damages, attempted to be interposed, the plea alleged, arose from the invalidity of the patent. If the defendant was estopped from alleging that fact, there could, of course, be no error in this part of the case.

The admission in evidence of the agreement, and the charge of the court that the written agreement of counsel was conclusive against the plea of *non est factum*. This assignment is founded on the objection that the agreement, being sealed with one seal in the name of the firm, did not support the action of covenant against both members, and did not prove the agreement to have been executed by the defendant.

The law upon this subject is summed up by the late Mr. Wallace, in the note to Livingston *v.* Roosevelt, 1 *Am. Lead. Cases* 459.

They cited also Grum *v.* Seton, 1 *Hall* 262; Cady *v.* Shepherd, 11 *Pick.* 400; Swan *v.* Stedman, 4 *Met.* 548; Bond *v.* Aitken, 6 *W. & S.* 165; Pike *v.* Bacon, 21 *Maine* 280; McCart *v.* Lewis, 2 *B. Monr.* 267; Darst *v.* Roth, 4 *Wash.* 471; Lucas *v.* Sanders, 1 *McMull.* 311; Fleming *v.* Dunbar, 2 *Hill's So. Car.* 532; Davis *v.* Burton, 3 *Scam.* 41; Witter *v.* McNeil, *Id.* 433; Hatch *v.* Crawford, 2 *Porter* 54.

As to the charge to the jury, it is in accordance with the ruling of the Supreme Court of the United States in Battin *v.* Taggert, 17 *How.* 84.

The opinion of the court was delivered by

WOODWARD, J.—On the question of estoppel, we entirely agree with the opinion of Judge HARE, in Battin *v.* Spencer, as cited in the paper-books. If the covenant of the defendant, expressed in the strongest and most comprehensive terms, be not sufficient to silence his defence, no language could have been employed that would preclude it.

We think the court was in no error in referring to the jury the question whether the reissued patent was for the same invention; but if they were, we see not how the defendant could avail himself of the attempted defence in the face of his solemn covenant. The estoppel applies itself as well to the objection against the reissue, as to that against the originality of the invention.

Nor was the defence, under the plea of *non est factum*, any more fortunate. The agreement of counsel estopped that. They

[Heilner *v.* Battin.]

had stipulated in writing that the instrument sued on need not be proved, but that it should be read in evidence " as if execution and delivery had been duly proved." Due proof of execution and delivery would have established the authority of one partner to bind the firm under seal, or else the adoption and ratification of the seal by both partners; and what such proof would have done, the counsel accomplished by their agreement.

We see no errors in the record, and therefore the judgment is affirmed.